250291

*Electronically Filed*
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 21-cv -00002-TBR

JARED RIVERA                                                                    PLAINTIFF

v.                                    **ANSWER TO COMPLAINT**

MCCRACKEN COUNTY
MATT CARTER                                                                   DEFENDANTS.

Come the Defendants, McCracken County and Matt Carter (hereinafter "Defendants"), by and through counsel, and for their Answer to Complaint, hereby state as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

**SECOND DEFENSE**

1.      Defendants deny that they committed any unlawful acts or violated any statutes under the Kentucky Civil Rights Act, KRS 344.040; the Americans with Disabilities Act, as amended; Title VII of the Federal Civil Rights Act of 1964, as amended; and 42 U.S.C. § 1981 of the Federal Civil Rights Act of 1866, as amended, as alleged in Plaintiff's Introductory Paragraphs. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in the Introductory Paragraphs of Plaintiff's Complaint, and therefore deny same.

2.      Defendants have insufficient knowledge to admit or deny the allegations set forth in Paragraphs 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 20, 43, 54, 56, 57, 59, 63, 70, 72, 73, 74, 75, 78, 81, 89, 90, 91, 92, 97, 98, 99, 100, 104, and 106 of Plaintiff's Complaint, and therefore deny same.

3.      Defendants deny the allegations set forth in paragraphs 18, 22, 25, 28, 29, 31, 34, 35, 38, 39, 40, 41, 42, 46, 47, 48, 49, 50, 51, 52, 53, 61, 62, 65, 68, 69, 71, 76, 77, 79, 80, 83, 85, 86, 88, 93, 94, 95, 96, 101, 102, 103, 107, 108, 109, 110, and 111 of Plaintiff's Complaint.

4.      Defendants admit the allegations set forth in paragraphs 19, 37, 44, 45, 55, 58, 60, 64, 66, 67, 82, 84, 87, and 105 of Plaintiff's Complaint.

5.      As to Paragraph 1, Defendants admit that Plaintiff was employed by the McCracken County Sheriff's Department from October 2009 until June 2019, but deny that Plaintiff was unlawfully discharged, constructively or otherwise. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore deny same.

6.      As to Paragraph 2, Defendants admit that McCracken County is a political body and subdivision of the Commonwealth of Kentucky. Defendants deny the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

7.      As to Paragraph 3, Defendants deny that Carter has served as the McCracken County Sheriff since June 2019, and affirmatively state that Carter has served as the McCracken County Sheriff since July 1, 2018.  Defendants admit the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

8.      As to Paragraph 9, Defendants deny that Plaintiff was constructively discharged. Defendants admit the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

9.      As to Paragraph 21, Defendants admit that Plaintiff was a valued employee, as all employees are valued employees. Defendants deny the remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint.

10.     As to Paragraph 23, Defendants admit that Sheriff Carter had a conversation with Rivera about reporting late to his shifts, but deny that the conversation occurred in the hallway as alleged in Paragraph 23 of Plaintiff's Complaint.  Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint, and therefore deny same.

11.     As to Paragraph 24, Defendants admit that Rivera claimed that he was reviewing reports before his shift in his police vehicle.  Defendants have insufficient knowledge to admit or deny whether such a practice was common or whether Rivera had engaged in such practice since becoming a Road Sergeant in 2012, and therefore deny same. Defendants deny the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

12.     As to Paragraph 26, Defendants deny that any allegations by Carter were pretextual. Defendants admit the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint.

13.     As to Paragraph 27, Defendants deny that there were any other similarly situated co-workers who were routinely late reporting to work and late responding to calls. Defendants admit the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint.

14.     As to Paragraph 30, Defendants admit that Rivera had not received a written reprimand for tardiness. Defendants deny the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint.

15.     As to Paragraph 32, Defendants admit that in December 2018 Rivera informed Sheriff Carter that he had observed MCSD Deputy David Clark sleeping in his police cruiser. Defendants deny the remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint.

16.     As to Paragraph 33, Defendants deny that Carter was willing to overlook severe policy violations of white male deputies, while issuing Rivera the serious reprimand of demotion. Defendants admit that Carter promoted Deputy Trent Hardin to the position of Sergeant and that Sheriff Carter was a MCSD Captain in 2018 when Deputy Hardin was reprimanded. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 33 of Plaintiff's Complaint, and therefore deny same.

17.     As to Paragraph 36, Defendants have insufficient knowledge to admit or deny whether Rivera was on sick leave due to a flare-up of his HS, and therefore deny same. Defendants deny that Carter sent out a department wide email singling out Rivera. Defendants admit the remaining allegations set forth in Paragraph 36 of Plaintiff's Complaint.

18.     As to Paragraph 112, Defendants deny that Plaintiff is entitled to the damages requested in his Complaint.

**Any and all allegations not specifically admitted herein are denied.**

### THIRD DEFENSE

Defendants plead sovereign immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FOURTH DEFENSE

Defendants plead absolute immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FIFTH DEFENSE

Defendants plead qualified immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

**SIXTH DEFENSE**

Defendants plead qualified official immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

**SEVENTH DEFENSE**

Defendants plead waiver, collateral estoppel, and *res judicata* as affirmative defenses to the allegations contained in Plaintiff's Complaint.

**EIGHTH DEFENSE**

Defendants hereby plead the doctrine of legislative immunity as a complete defense to Plaintiff's Complaint.

**NINTH DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of limitations.

**TENTH DEFENSE**

Plaintiff's Complaint is barred by the provisions of KRS 65.200 et. seq.

**ELEVENTH DEFENSE**

The court lacks personal and subject matter jurisdiction over Defendants and should, therefore, dismiss Plaintiff's Complaint.

**TWELTH DEFENSE**

As an affirmative defense, Defendants failure to exhaust administrative remedies.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint is barred in part or in whole by the doctrines of collateral estoppel (issue preclusion).

## FOURTEENTH DEFENSE

At all times complained of, Defendants acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to their conduct and with an objectively reasonable belief that their actions were lawful.

## FIFTEENTH DEFENSE

Defendants reserve the right to plead further herein and specifically reserve the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

## SIXTEENTH DEFENSE

Plaintiff has failed to sue an indispensable party.

## SEVENTEENTH DEFENSE

Defendants hereby plea any and all affirmative defenses applicable to the Kentucky Civil Rights Act, KRS 344.040; the Americans with Disabilities Act, as amended; Title VII of the Federal Civil Rights Act of 1964, as amended; and 42 U.S.C. § 1981 of the Federal Civil Rights Act of 1866, as amended.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, for recovery of costs of suit, including, but not limited to, their reasonable attorney's fees, and for any and all other relief to which Defendants may appear to be entitled.

Respectfully submitted,

KEULER, KELLY, HUTCHINS
BLANKENSHIP, & SIGLER, LLP
100 SOUTH FOURTH STREET, SUITE 400
PADUCAH KY 42001
PHONE (270) 448-8888
FAX (270) 448-0998

By: ___/s/ Stacey A. Blankenship_____
      Stacey A. Blankenship
      Kristen N. Worak

*Attorneys for Defendants McCracken County
and Matt Carter*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of January, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, sending notice to the following:

P. STEWART ABNEY
ABNEY LAW OFFICE, PLLC
624 WEST MAIN STREET, FIFTH FLOOR
LOUISVILLE, KENTUCKY 40202
stewart@abneylegal.com
*Attorney for Plaintiff*

By: /s/ Stacey A. Blankenship_____
      Stacey A. Blankenship